# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### AT CHATTANOOGA

| | | |
|---|---|---|
| BEATRICE KENNEBREW, | ) | |
| | ) | |
| *Plaintiff*, | ) | Case No. 1:25-cv-13 |
| | ) | |
| v. | ) | Judge Atchley |
| | ) | |
| PNC BANK, | ) | Magistrate Judge Steger |
| | ) | |
| *Defendant*. | ) | |
| | ) | |

## ORDER

Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). Defendant removed this action from state court, and Plaintiff has not challenged this Court's basis for jurisdiction. Consistent with the Court's continuing obligation to assess questions of subject matter jurisdiction, however, the Court concludes that it lacks subject matter jurisdiction over this action and will **REMAND** it to state court.

## I.    FACTUAL BACKGROUND

Plaintiff Beatrice Kennebrew sued Defendant PNC Bank on December 5, 2024, in the Circuit Court of Hamilton County, Tennessee. [Doc. 1-1 at 4]. Her lawsuit pertains to a Honda Civic she purchased on August 18, 2021. [*Id.* at ¶ 3]. Plaintiff obtained a loan from Defendant to purchase the vehicle, and Defendant secured its loan with a lien on the vehicle. [*Id.* at ¶ 5]. In July 2024, Plaintiff sent a Bill of Exchange to Defendant in the amount of $67,034.86. [*Id.* at ¶ 4]. The Bill of Exchange, in Plaintiff's view, qualifies as "legal tender" and discharges her obligations under the loan. [*Id.*]. After Defendant refused to accept Plaintiff's Bill of Exchange as a valid form of payment, Plaintiff filed suit.

Plaintiff's complaint alleges that Defendant breached the parties' contract when it refused to honor the Bill of Exchange and release its lien on the vehicle. [*Id.* at ¶ 24]. The complaint and exhibits also reference various federal statutes Defendant allegedly violated. [*Id.* at 5–6, 12–13]. For these purported wrongs, Plaintiff seeks actual damages, punitive damages, and reasonable attorney's fees. [*Id.* at ¶ 27–30].

Defendant removed this action to federal court on January 16, 2025. [Doc. 1]. As grounds for removal, Defendant contends that the Court has diversity jurisdiction. [*Id.* at ¶ 4]. In the short time since Defendant removed this action, Plaintiff has filed numerous motions, including multiple motions for temporary injunctive relief, a motion to compel arbitration, a motion for replevin, a motion for sanctions, and a motion for summary judgment. For the reasons explained below, the Court need not resolve these pending motions because it lacks subject matter jurisdiction over this action and will remand it to state court for further proceedings.

## II.  ANALYSIS

Federal courts are courts of limited jurisdiction. Indeed, there are only two ways most cases make it into federal court: through diversity jurisdiction or federal question jurisdiction. *Home Depot U.S.A., Inc. v. Jackson*, 587 U.S. 435, 437–38 (2019). Parties can remove a case from state court to federal court so long as the case could have been originally filed in federal court—that is, so long as the federal court has diversity or federal question jurisdiction over the case. *Id.* at 438 (citing 28 U.S.C. § 1441(a)). If the federal court lacks subject matter jurisdiction over the removed case, it must remand the case to state court. 28 U.S.C. § 1447(c). Remand orders based on a lack of subject matter jurisdiction are not reviewable on appeal. *DaWalt v. Purdue Pharma, L.P.*, 397 F.3d 392, 398 (6th Cir. 2005) (citing 28 U.S.C. § 1447(d) and *Gravitt v. Sw. Bell Tel. Co.*, 430 U.S. 723, 723–24 (1977)).

Defendant removed this action based on diversity jurisdiction, so the Court begins there. Two things must be true for a federal court to have diversity jurisdiction. First, there must be complete diversity between the parties, meaning that "no plaintiff is a citizen of the same state as any defendant." *V & M Star, LP v. Centimark Corp.*, 596 F.3d 354, 355 (6th Cir. 2010). Second, the amount in controversy must exceed $75,000. *Cleveland Hous. Renewal Project v. Deutsche Bank Tr. Co.*, 621 F.3d 554, 559 (6th Cir. 2010). The first requirement is satisfied. Plaintiff is a citizen of Tennessee, and Defendant is a citizen of Delaware. [Doc. 1 at ¶ 6–7].

That leaves the second requirement. When determining whether the amount in controversy exceeds $75,000, "the sum claimed by the plaintiff controls if the claim is apparently made in good faith." *Kovacs v. Chesley*, 406 F.3d 393, 395 (6th Cir. 2005) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938)). "But if, from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount," the case must be dismissed for lack of subject matter jurisdiction. *Id.* at 289.

Plaintiff's central claim is that Defendant wrongfully rejected the Bill of Exchange she values at $67,034.86. This amount, according to Defendant, meets the amount in controversy requirement when combined with Plaintiff's request for punitive damages. [Doc. 1 at ¶ 10–16]. Better yet, Plaintiff asserted that the Bill of Exchange was worth $1,000,000 in one of the letters she sent to Defendant in July 2024. [Doc. 1-1 at 31]. Defendant contends that the amount in controversy requirement "is easily met" under these circumstances. [Doc. 1 at ¶ 15]. The Court disagrees. The $67,034.86 Bill of Exchange and request for punitive damages may combine to exceed the $75,000 threshold, but the amount sought in Plaintiff's complaint only controls if the claim is made in good faith. *Kovacs*, 406 F.3d at 395. That is hardly the case here.

Plaintiff's claim is the opposite of good faith. Her belief that she can erase debt with the Bill of Exchange—a "worthless piece of paper"—is total nonsense. *Harrison v. Young*, No. 1:23-cv-129, 2024 WL 4361626, at *4 (N.D. Miss. Aug. 16, 2024). Courts routinely reject as frivolous the Bill of Exchange theory Plaintiff advances. *Showers v. Spectrum Charter Commc'ns*, No. 1:24-cv-242, 2024 WL 5108157, at *1 (S.D. Ind. Dec. 12, 2024) (noting that courts "across the country have repeatedly held that unilaterally tendering a 'bill of exchange' . . . has no legal effect and that a refusal by a service provider to accept such manufactured documents as payment of services provided will not discharge the debt"). Subject matter jurisdiction is lacking where, as here, it appears "to a legal certainty that the claim is really for less than the jurisdictional amount." *St. Paul Mercury Indem. Co.*, 303 U.S. at 289. "By definition, it is certain that a wholly frivolous complaint cannot meet any amount in controversy threshold." *Greenspan v. Greenspan*, No. 2:16-cv-1, 2016 WL 3129619, at *2 (D.S.C. June 2, 2016). Because Plaintiff's complaint is entirely frivolous, she cannot satisfy the amount in controversy requirement necessary to establish diversity jurisdiction.

The Seventh Circuit's decision in *El v. AmeriCredit Financial Services, Inc.* reinforces this conclusion. 710 F.3d 748 (7th Cir. 2013). There, the plaintiff financed a vehicle through an installment contract with the defendant. *Id.* at 750. After making his first payment, the plaintiff sent the defendant a copy of the contract and told it to collect the balance due from the U.S. Treasury. *Id.* Predictably, the defendant did not entertain the plaintiff's request and repossessed the vehicle. *Id.* The plaintiff then sued the defendant for $34 million in compensatory damages and $2.2 billion in punitive damages. *Id.*

The damages sought dwarfed the $75,000 amount in controversy requirement, but that did not matter to the Seventh Circuit. "The fact that the plaintiff *alleged* an amount in controversy in

4

excess of $75,000," the Seventh Circuit explained, "does not establish that this *is* the amount in controversy." *Id.* at 752. To the contrary, it was a legal certainty that the plaintiff was "entitled to recover nothing," so his demand for more than $2 billion in damages did not provide the court with subject matter jurisdiction. *Id.*; *see also Shells v. NRA*, No. 1:23-cv-2335, 2023 WL 11658586, at *1–2 (D.D.C. Sept. 13, 2023) (remanding case to state court where the plaintiff demanded "620 million trillion" in damages because his claim was frivolous and it was a legal certainty that the claim was for less than the jurisdictional amount).

So too here. Just as the plaintiff in *El* sent a worthless document to his lender to "discharge" his car loan, Plaintiff provided a Bill of Exchange to Defendant under the mistaken impression that it would satisfy her debt. The *El* plaintiff's $2 billion demand for damages did not satisfy the amount in controversy requirement, and Plaintiff's apparent request for a $67,034.86 Bill of Exchange plus punitive damages meets the same fate. It is a legal certainty that Plaintiff is entitled to recover nothing for the baseless claim asserted in her complaint, so the amount in controversy requirement has not been satisfied in this case. *El*, 710 F.3d at 752.

That the Court lacks diversity jurisdiction does not fully close the courthouse doors. Federal courts also have subject matter jurisdiction "when the cause of action arises under federal law." *Miller v. Bruenger*, 949 F.3d 986, 990 (6th Cir. 2020). This type of subject matter jurisdiction, referred to as federal question jurisdiction, will not lie where the claims asserted are "plainly unsubstantial" or "obviously lacking in merit." *Lexington-Fayette Urb. Cnty. Gov't Civ. Serv. Comm'n v. Overstreet*, 115 F. App'x 813, 816 (6th Cir. 2004). Plaintiff's claim unquestionably checks these boxes.

In her complaint, Plaintiff references various federal statutes and claims that Defendant violated them through its failure to honor her Bill of Exchange. The citations to these statutes do

not establish federal question jurisdiction. When plaintiffs invoke federal statutes to support their frivolous bill of exchange theories and related arguments, courts regularly hold that federal question jurisdiction is lacking. *Thomas v. Capital One*, No. 23-cv-216, 2024 WL 477027, at *6 (S.D. Ala. Jan. 10, 2024) (explaining that numerous courts have held, "when faced with similar complaints filed by *pro se* litigants seeking to evade their financial obligations," that unexplained references to various federal laws are "insufficient to establish a colorable federal claim"); *White v. Lake Union Ga Partners LLC*, No. 1:23-cv-2852, 2023 WL 6036842, at *2–3 (N.D. Ga. July 14, 2023) (holding that the plaintiff's reference to numerous federal statutes failed to establish federal question jurisdiction).

Consider Plaintiff's reliance on "House Joint Resolution 192" as an example. She claims that this resolution provides individuals "with the authority to issue notes to discharge lawful debts." [Doc. 1-1 at ¶ 9]. This citation to House Joint Resolution 192 represents nothing more than a frivolous attempt to evade financial obligations. *Thomas v. All In Credit Union*, No. 23-cv-215, 2023 WL 9197752, at *8 (S.D. Ala. Dec. 7, 2023) (explaining that the plaintiff's reliance on House Joint Resolution 192 reflected his frivolous theory that he "somehow has the ability to essentially convert a payment demand into legal tender and magically extinguish his debts"). Plaintiff's references to House Joint Resolution 192, along with the other federal statutes scattered throughout her complaint, do not provide the Court with federal question jurisdiction. Instead, the purported federal claims are "plainly unsubstantial" and embody sovereign citizen theories that courts uniformly reject as frivolous. *Overstreet*, 115 F. App'x at 816; *Wilson v. Aqua Fin.*, No. 3:23-cv-5348, 2023 WL 7924150, at *3 (D.S.C. Oct. 26, 2023) (noting that "even though Plaintiff does not use the specific words 'sovereign citizen,' Plaintiff's claims are based in that ideology" and are frivolous).

6

### III. CONCLUSION

Plaintiff's "underlying legal theory is utterly frivolous, patently ludicrous, and a waste of this Court's time and resources." *Thomas*, 2023 WL 9197752, at *8. She is sorely mistaken in her belief that her worthless Bill of Exchange can operate to discharge her car loan. Regardless, the Court lacks subject matter jurisdiction over this action, so it is **REMANDED** to the Circuit Court of Hamilton County, Tennessee. The Clerk is **DIRECTED** to terminate all pending motions and close the file.

**SO ORDERED.**

*/s/ Charles E. Atchley, Jr.*
**CHARLES E. ATCHLEY, JR.**
**UNITED STATES DISTRICT JUDGE**